# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**445**
**CAF 15-00901**
PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF STEVEN M. GERHARDT,
PETITIONER-RESPONDENT-APPELLANT,

V                                          MEMORANDUM AND ORDER

MELISSA S. BAKER,
RESPONDENT-PETITIONER-RESPONDENT.

---

STEVEN M. GERHARDT, PETITIONER-RESPONDENT-APPELLANT PRO SE.

------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered December 19, 2014 in proceedings pursuant to Family Court Act article 4.  The order denied petitioner-respondent's objections to orders of the Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Family Court, Livingston County, for further proceedings in accordance with the following memorandum:  Petitioner-respondent father appeals from an order denying his objections to two orders of the Support Magistrate finding a violation of a prior support order and modifying the prior support order by, inter alia, requiring respondent-petitioner mother to pay child support to the father based on the subject child's change of residence to that of the father and by imputing income to the father.  We agree with the father that Family Court erred in denying his objections to the Support Magistrate's orders because he was not properly advised of his right to an attorney on the violation petition brought by the mother (*see* Family Ct Act § 262 [a] [vi]; *Matter of Soldato v Caringi*, 137 AD3d 1749, 1749), and the Support Magistrate erred in failing to conduct a proper hearing on the father's modification petition.  While "[a] hearing on a petition for modification of a support obligation need not follow any particular format" (*Matter of Ademovic v Reid*, 1 AD3d 899, 899), we conclude that the hearing in this matter was " 'inherently flawed' " (*id.*).  Here, the father "was not offered an opportunity to testify, nor was he permitted to present the sworn testimony of any other witnesses" (*id.*), and the cursory handling of this matter by the Support Magistrate did not provide a substitute for the " 'meaningful hearing' " to which the father was entitled (*id.* at 900).  We therefore reverse the order and remit the matter to Family Court for further proceedings on both petitions in accordance with our

decision.

Entered:  June 10, 2016                    Frances E. Cafarell
                                           Clerk of the Court